UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60063-SMITH/AUGUSTIN-BIRCH

LAURA RHOADES,

    Plaintiff,

v.

HEALTH MANAGEMENT CORPORATION
OF AMERICA, *et al.*,

    Defendants.
_____/

REPORT AND RECOMMENDATION ON
JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

This cause comes before the Court on the parties' Joint Motion for Approval of FLSA Settlement and to Dismiss Case With Prejudice. DE 46; DE 47. The Honorable Rodney Smith, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. *See* DE 10. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Joint Motion be **GRANTED**, that the parties' Settlement Agreement be **APPROVED**, and that this case be **DISMISSED WITH PREJUDICE**.

Plaintiff Laura Rhoades filed this action against Defendants, her employers, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay her overtime wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $4,500.00 for alleged unpaid wages, and her counsel will receive $3,000.00 for fees and costs. DE 46-1 at 2.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether

the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties discuss the *Leverso* factors for the Court. First, the parties assert that the settlement is not the result of fraud or collusion. DE 46 at 4. Second, the parties note that they engaged in substantial discovery, but they decided to settle before engaging in more extensive and expensive discovery, such as eight depositions that were set to occur prior to August 2. *Id.* Third, the parties maintain that there was a bona fide dispute over whether Plaintiff was eligible for overtime pay under the FLSA. *Id.* Fourth, the parties state that they were represented by counsel experienced in litigating FLSA cases and that both parties felt strongly about their respective positions. *Id.* Lastly, counsel state that they believe the settlement is a fair and reasonable resolution of Plaintiff's FLSA claim. *Id.* at 5.

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case was pending for just over 6 months before the parties notified the Court of their settlement. This settlement avoided the accumulation of additional costs and expenses associated with additional discovery and dispositive motion practice. The Court also conducted a settlement conference in the early stages of this matter. Thus, the Court is familiar with the parties and the dispute, and the Court has no reason to believe that the settlement is a product of fraud or collusion. Accordingly, the Court concludes that the application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains standard provisions, such as a severability clause, a choice of law provision, a waiver of jury trial, and a merger clause. *See* DE 46-1 at 2–4. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The parties state that they negotiated Plaintiff's counsel's fees and costs separately from Plaintiff's recovery. DE 46 at 7. And, as part of the Settlement Agreement, Plaintiff's counsel will receive $3,000 for fees and costs. DE 46-1 at 2. The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable, in light of the fact that this case was pending for over 6 months before the parties settled.

Accordingly, the Court recommends that the Joint Motion for Approval of FLSA Settlement [DE 46; DE 47] be **GRANTED** and that the Settlement Agreement [DE 46-1] be **APPROVED**. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 9th day of August, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE